## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **JOHN MAHONEY,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 20-3934** |
| | : | |
| **CROSSING VINEYARDS & WINERY, INC.** | : | |
| | : | |
| **Defendant.** | : | |

---

### ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendant, Crossing Vineyards & Winery Inc.'s Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

**BY THE COURT:**

_____
**GERALD A. McHUGH, J.**

{00918006/}                                    1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN MAHONEY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 20-3934 |
| | : | |
| CROSSING VINEYARDS & WINERY, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Crossing Vineyard & Winery, Inc. ("Crossing Vineyards") files this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth more fully in the accompanying Memorandum of Law, Plaintiff's Complaint for Injunctive and Declaratory Relief must be dismissed in its entirety due to Plaintiff's failure to state a claim upon which relief can be granted under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("Title III").


Respectfully submitted,
**BEGLEY, CARLIN & MANDIO, LLP**

_____

Douglas C. Maloney, Esquire
Aimee E. Schnecker, Esquire
680 Middletown Boulevard
Langhorne, PA 19047
Dated: October 8, 2020          (215) 750-0110
*Counsel for Defendant, Crossing Vineyard &*
*Winery, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MAHONEY,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 20-3934** |
| | : | |
| **CROSSING VINEYARDS & WINERY, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

## I.  INTRODUCTION

This is a class action complaint for injunctive and declaratory relief arising out of a website maintained by Defendant, Crossing Vineyards & Winery, Inc. ("Crossing Vineyards").  Plaintiff, John Mahoney ("Plaintiff") is a blind, visually-impaired, handicapped person and a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq ("ADA").  To use the internet, he requires screen-reading software.  Plaintiff  brings this class action suit on behalf of himself and other similarly situated persons alleging that Crossing Vineyards violated Title III of the ADA, by failing to build its website[1] in a manner that is compatible with screen reader programs.  Defendant files the instant Motion to Dismiss on the basis that Plaintiff's Complaint fails to state a claim upon which relief can be granted, as Crossing Vineyards' website is not a "place of public accommodation" within the meaning of the ADA.

---

[1] www.crossingvineyards.com

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant, Crossing Vineyards is a Pennsylvania corporation that is comprised of a vineyard and winery.   Crossing Vineyards is located in Newtown, Bucks County which manufactures and bottles its own wine.   Additionally, Crossing Vineyards features an indoor and outdoor event space for hosting public events, weddings, and private parties. Crossing Vineyards also maintains an informational website with an online store, for the sale of Crossing Vineyards' wine, and other gifts.   Plaintiff, John Mahoney, is a visually impaired individual suing on behalf of himself and others similarly situated.   Plaintiff filed a Complaint on August 12, 2020, alleging that Crossing Vineyards failed to make its website accessible to blind people and that this constitutes disability discrimination under the ADA.   Defendant was served with Plaintiff's Complaint on September 21, 2020 and now files this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III.   STANDARD OF REVIEW

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not the merits."  Walker v. Sam's Oyster House, LLC, 2018 WL 4466076, at *1 (E.D. Pa. Sept. 18, 2018) (citing Wainberg v. Dietz & Watson, Inc., 2017 WL 5885840, at *2 (E.D. Pa. Nov. 28, 2017)); see also Liou v. Le Reve Rittenhouse Spa, LLC, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (citing Nelson v. Temple Univ., 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996)).

In considering a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted).   To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 665 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As explained in Iqbal, while the Court must accept all factual allegations as true, that requirement does not apply to legal conclusions. Accordingly, pleadings must include factual allegations to support the legal claims asserted. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## IV.  LEGAL ARGUMENT

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases…or operates a place of public accommodation." 42 U.S.C. § 12182(a). Accordingly, in deciding the instant motion to dismiss, this Court must apply the definition of a "public accommodation" to Crossing Vineyards' website. This Court has had occasion to decide this issue twice in the past regarding claims made by Plaintiff against other businesses' websites, in cases involving the same Plaintiff. See Mahoney v. Bittrex, Inc., 2020 WL 212010; see also Mahoney v. Herr Foods, Inc., 2020 U.S. Dist. LEXIS 72333. Crossing Vineyards' motion to dismiss should be granted because its website alone is not a place of public accommodation under the ADA. Moreover, even if there was a sufficient nexus between Crossing Vineyards' website and its physical location to bring the website within the ADA protections afforded to places of public accommodation, Plaintiff's Complaint must still be dismissed because he has failed to plead a concrete and particularized injury in fact to confer standing under Article III.

### A. Plaintiff has Failed to Allege Sufficient Facts to Establish the Crossing Vineyards' Website is a Public Accommodation

At the outset, Plaintiff's Complaint must fail as it has failed to set forth sufficient facts to establish that the Crossing Vineyards' website is a public accommodation.  While some courts have held that the ADA applies to a good or service regardless of whether the service or privilege is connected to a physical location (see e.g. Carparts Distribution Ctr., Inc. v. Auto Wholesaler's Ass'n of New England, 37 F.3d 12, 19 (1st Cir. 199)), the Third Circuit has concluded that an actual, physical location is necessary.  See e.g. Ford v. Schereing-Plough Corp., 145 F.3d 601, 612 (3d Cir. 1998).  The courts of the Eastern District of Pennsylvania have consistently interpreted the Third Circuit's instruction to limit public accommodations to physical places.  See e.g. Mahoney v. Bittrex, Inc., No. 19-3836, 2020 U.S. Dist. LEXIS 5746 (E.D. Pa. Jan. 14, 2020) ("A website, by itself, is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA").  Plaintiff's ADA claims must fail as a matter of law because Crossing Vineyards' website, on its own, is not a public accommodation.

A website may be considered a public accommodation where it is connected to a physical location.  The Third Circuit has held that the ADA applies to services and privileges of a place of public accommodation so long as there is "some nexus between the services or privileges denied and the physical place ... as a public accommodation."  Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 122 (3d Cir. 1998)); see also McGann v. Cinemark USA, Inc., 873 F.3d 218, 229 (3d Cir. 2017) (finding a nexus between physical location and necessary auxiliary services).  If the cause of action is tethered to the physical location of the place of public accommodation, a plaintiff must allege an injury suffered in relation to the place of public accommodation.  Walker v. Sam's Oyster House, LLC, 2018 U.S. Dist. LEXIS 158439, 2018 WL 4466076, at *2.  Therefore, a website can be a public accommodation under the ADA when "at the very least" the injury "shares

some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." Menkowitz, 154 F.3d at 120 (citing Ford, 145 F.3d at 613).

Plaintiff's Complaint's is factually deficient as it fails to allege a sufficient nexus between Crossing Vineyards' website and its physical location[2]. Plaintiff's Complaint makes vague allegations to Crossing Vineyards' physical location, without any specificity. Paragraph 28 of the Complaint states that certain access barriers to the Crossing Vineyards' website "deny plaintiff full and equal access to all of the services the Website offers, and now deter him from attempting to use the Website and/or visit CROSSING VINEYARDS & WINERY, INC." (Capitalization original). Other than this simple allegation, the Complaint focuses entirely on access issues with Crossing Vineyards' website, rather than its physical location. See Mahoney v. Herr, 2020 U.S. Dist. LEXIS 72333, *9 ("Because the Complaint does not identify Herr's Snack Factory or any other physical location, Plaintiff has not alleged a public accommodation. Without an allegation of a physical place or location, there can be no "nexus" with Defendant's website"). To sufficiently plead a statutory cause of action under the ADA, Plaintiff's claims must be connected to a physical location of the place of public accommodation. Further, Plaintiff must allege an injury suffered in relation to the place of accommodation to meet the "nexus" requirement. Because Crossing Vineyards' website alone is not a "public accommodation" and because Plaintiff has not established a "nexus" between Crossing Vineyards' website and physical location, Plaintiff's Complaint must be dismissed as a matter of law.

### B. Plaintiff Lacks Standing as He is Unable to Articulate a Concrete and Particularized Injury in Fact

However, should this Court find that Plaintiff has sufficiently established a nexus by simply alleging that he is deterred from attempting to visit Crossing Vineyards' physical location,

---

[2] 1853 Wrightstown Road, Newtown, PA 18940.

Plaintiff's Complaint must still fail because he lacks standing.  As stated above, Plaintiff's Complaint focuses on the inaccessibility of Crossing Vineyards' website and enumerates the various barriers posed by this website.  While Plaintiff alleges that his inability to access Crossing Vineyards' website prevented him from attempting to visit Crossing Vineyards' physical location, he has not plead a concrete and particularized injury in fact, which is necessary for Article III standing.  Specifically, Plaintiff fails to allege that had he been able to access Crossing Vineyards' website, he would have travelled to its physical location.

Article III of the United States Constitution extends the power of the judiciary to "cases" and controversies.  Long v. SEPTA, 903 F.3d 312, 320 (3d. Cir. 2018) (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)).  Article III standing requires (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that a favorable decision will provide a redress for the injury.  Id.  An injury in fact is one where the invasion of a "concrete and particularized legally protected interest" results in harm that "is actual or imminent, not conjectural or hypothetical."  Id.  An injury is "concrete" if it is "real, or distinct and palpable, as opposed to merely abstract."  Id.

While the ADA permits suits by "any person who is being subjected to discrimination on the basis of disability…or who has reasonable grounds for believing that such person is or about to be subjected to discrimination," 42 U.S.C. § 12188(a)(1), a plaintiff can only satisfy the injury in fact element with discrimination that is "concrete and particularized" and "actual and imminent".  Long, 846 F.3d at 320.   The Third Circuit has not directly addressed the contours of the injury in fact requirement, but has noted that standing, "while not precisely defined, are very generous, requiring only that claimant allege some specific, identifiable trifle of injury."  In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017).  The district

courts within the Third Circuit, including the Eastern District of Pennsylvania, have used two methods to determine whether a plaintiff has suffered an injury in fact: (1) "the intent to return method" or (2) "the deterrent effect method". Each method is discussed below. However, under either method, Plaintiff fails to meet the injury in fact requirement to confer stranding.

### i.  Plaintiff Has Not Alleged Intent to Return

The intent to return method requires a plaintiff show that:

> (1) the defendant engaged in past discriminatory conduct that violates the ADA; (2) allegations sufficient to support a reasonable inference that the discriminatory conduct will continue; and (3) allegations sufficient to support a reasonable inference, based on past patronage, proximity of the public accommodation to the plaintiff's home, business, or personal connections to the area, that plaintiff intends to return to the public accommodation in the future.

Giterman v. Pocono Med. Ctr., 361 F. Supp. 3d 392, 405 (M.D. Pa. 2019); see also Walker, 2018 U.S. Dist. LEXIS 158439, *6 (citing Garner v. VIST Bank, No. 12-5258, (E.D. Pa. Dec. 20, 2013).

Here, Plaintiff has not satisfied the third element of the test, as there is no allegation of past patronage at Crossing Vineyards, nor has he alleged an intent to return. Although Plaintiff alleges that "if the Website were accessible, i.e. if CROSSING VINEYARDS & WINERY, INC. removed the access barriers described above, Plaintiff could independently research the Websites offerings, including locations and hours and promotions available at CROSSING VINEYARDS & WINERY, INC.", he makes no allegation that he intends to visit Crossing Vineyards. See Complaint, ¶ 30. Plaintiff does not even allege a desire to visit Crossing Vineyards or that he intended to utilize Crossing Vineyards' website to patronize its physical location. As previously stated, Plaintiff's only allegation regarding visiting Crossing Vineyards' physical location is in Paragraph 28 of the Complaint wherein Plaintiff alleges he is deterred from attempting to visit.

Further, the alleged facts do not permit an inference that Plaintiff intends to return to Crossing Vineyards in the near future, nor has he ever visited the winery in the past. Further it is

unclear on the face of the Complaint that Plaintiff lives anywhere remotely near Crossing Vineyards' physical location.  Accordingly, Plaintiff has not plead a concrete injury in fact through the intent to return method.

### ii.  Deterrent Effect

Plaintiff also fails the deterrent effect method.  "Under the deterrent effect doctrine, a plaintiff has suffered an actual and imminent injury sufficient to confer standing where the plaintiff was "deterred from patronizing a public accommodation because of a defendant's failure to comply with the ADA." Giterman, 361 F. Supp. 3d at 405-406.  "A plaintiff seeking to satisfy the deterrent effect doctrine 'must show that he or she has actual knowledge of barriers preventing equal access and a reasonable likelihood that the plaintiff would use the facility if not for the barriers.'" Id. (citations omitted).  Further, "[e]ven under the deterrent effect test, a plaintiff must still show that he or she has an intent to return to the place of alleged discrimination." Id.  See also Anderson v. Franklin Inst., 185 F.Supp.3d 628, 640 ("To satisfy [the deterrent effect] test, a plaintiff must show that he or she has actual knowledge of barriers preventing equal access and a reasonable likelihood that the plaintiff would use the facility if not for the barriers.") (citations omitted).

While Plaintiff clearly outlines the various barriers to accessing Crossing Vineyards' website, he fails to plead that he would have gone to Crossing Vineyards' but for the discriminatory barriers on its website.  Rather, Plaintiff pleads that he was deterred from attempting to use the website and/or visit Crossing Vineyards.  See Complaint ¶ 28.  In the Walker v. Sam's Oyster House, LLC case, the court addressed an issue virtually identical to the instant case.  In Walker, the plaintiff claimed he was "prevented from accessing the physical location" by his inability to find the location, hours, and phone number on the restaurant's website.  2018 U.S. Dist. LEXIS *9.  However, the plaintiff did not aver an intent to go to the restaurant.  Id.  Accordingly, this

Court found that the plaintiff did not allege sufficient facts that would allow the Court to draw the inference that the plaintiff would have patronized the defendant's restaurant if not for the accessibility barrier.  Id.  For this reason, the plaintiff failed to allege a concrete and particularized injury in fact under the deterrent effect method and therefore lacked standing. Id.

Here, Plaintiff's Complaint does not even go so far as to allege that access barriers preventing him from accessing Crossing Vineyards' website directly correlate to his inability to patronize Crossing Vineyards' physical location.  Rather, Plaintiff's Complaint simply states that he was deterred from attempting to visit Crossing Vineyards.  Plaintiff fails to allege that he made attempts to visit Crossing Vineyards in the past, intends to visit Crossing Vineyards in the future, or that he would visit Crossing Vineyards, but for the barriers to accessing its website. This is factually deficient under the deterrent effect method.  Accordingly, because Plaintiff fails to plead that he would have visited Crossing Vineyards, but for the accessibility barriers on its website, Plaintiff has failed to allege a concrete and particularized injury in fact to satisfy the elements of the deterrent effect method.  Further, because Plaintiff lacks standing under both methods above, Plaintiff's Complaint must be dismissed for lack of standing.

**V.  CONCLUSION**

Accordingly, for all the foregoing reasons, Crossing Vineyard respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted,
**BEGLEY, CARLIN & MANDIO, LLP**

*Aimee Lehnecker*

Douglas C. Maloney, Esquire
Aimee E. Schnecker, Esquire
*Counsel for Defendant, Crossing Vineyards*
*& Winery, Inc.*

Dated: October 8, 2020

**CERTIFICATE OF SERVICE**

I, Aimee E. Schnecker, Esquire, hereby certify that I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Respectfully submitted,
**BEGLEY, CARLIN & MANDIO, LLP**

*Aimee Schnecker*
Douglas C. Maloney, Esquire
Aimee E. Schnecker, Esquire
680 Middletown Boulevard
Langhorne, PA 19047
(215) 750-0110
*Counsel for Defendant, Crossing Vineyards & Winery, Inc.*

Dated: October 8, 2020